**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

ANTHONY DONIQUE CLAY,
MAURICE ANTHONY NEWSON,
and KARLOS LATWIAN HARRIS,

Plaintiffs,

v. Case No. 09-12509

STATE OF MICHIGAN,

Defendant.
_________________________________/

**OPINION AND ORDER OF DISMISSAL AND DENYING AS MOOT PLAINTIFFS' "MOTION FOR ALTERNATE SERVICE" AND "MOTION FOR TEMPORARY RESTRAINING ORDER"**

Plaintiffs Anthony Donique Clay, Maurice Anthony Newson, and Karlos Latwian Harris are state prisoners presently confined at correctional facilities in Jackson and Muskegon Heights, Michigan. On June 25, 2009, they filed a *pro se* complaint against the State of Michigan pursuant to the Alien Tort Claims Act, 28 U.S.C. § 1350, and the All Writs Act, 28 U.S.C. § 1651. Also pending before the court are Plaintiffs' motion for a temporary restraining order and preliminary injunction "to ensure their immediate release" from custody and Plaintiffs' motion for service of their complaint on the defendant. For the reasons stated below, the court will dismiss Plaintiffs' complaint and deny their pending motions as moot.

## I. BACKGROUND

The complaint challenges Plaintiffs' arrests, convictions, and imprisonment. Plaintiffs allege that they were transferred to the Michigan Department of Corrections

under the guise of being United States citizens, but that they never agreed to subject themselves to the State's jurisdiction, and that they are enslaved in violation of their basic human rights. In an unrelated claim in their complaint, Plaintiffs allege that employees of the Michigan Department of Corrections have seized their documents, forms, and mail related to the Uniform Commercial Code ("UCC"). They seek money damages and to have their criminal judgments vacated.

## II. STANDARD

Plaintiffs have been granted leave to proceed without prepayment of the filing fee for this action. An indigent prisoner's complaint against a governmental entity, officer, or employee may be dismissed if it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While a complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).

## III. DISCUSSION

The pending complaint is frivolous and fails to state a claim because prisoners have no right to money damages for allegedly unconstitutional convictions or imprisonment unless their convictions or sentences have been invalidated by state

officials or impugned by a federal court's grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). *Heck* and progeny indicate that a state prisoner's complaint "is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). Plaintiffs have not shown that their convictions were invalidated by state officials or impugned by a federal court on habeas corpus review, and success in this action could undermine their convictions. Therefore, they have no right to monetary or injunctive relief.

Furthermore, the sole defendant is the State of Michigan. The Eleventh Amendment bars civil actions against a state and its departments unless the state has waived its immunity and consented to suit. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 66 (1989); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (*per curiam* opinion). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens," *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) (citations omitted), and "[t]he All-Writs Act . . . cannot be used to circumvent or supersede the constitutional limitations of the Eleventh Amendment," *In re Baldwin-United Corp. (Single Premium Deferred Annuities Ins. Litig.)*, 770 F.2d 328, 340 (2d Cir. 1985). To the extent that Plaintiffs allege violations of their civil rights and seek to hold the State liable under a *respondent superior* theory, their claims lack merit, because vicarious liability is not a basis for relief

in a civil rights action. *Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. Dep't of Soc. Serv. of the City of New York*, 436 U.S. 658, 694-95 (1978)).

Plaintiffs have also failed to state a claim under the Alien Tort Claims Act, which requires showing that: "'(1) the plaintiff is an alien; (2) the claim is for a tort; and (3) the tort is committed in violation of the law of nations or a treaty of the United States.'" *Burnett v. Al Baraka Investment and Development Corp.,* 274 F. Supp. 2d 86, 99-100 (D.D.C. 2003) (quoting *Bao Ge v. Li Peng*, 201 F. Supp. 2d 14, 19-20 (D.D.C. 2000)).

> A violation of the law of nations is broadly understood as a violation of the norms of customary international law. In discussing the norms of customary international law, the Supreme Court has noted the limited category of claims that federal courts could entertain at the time the [Alien Tort Statute] was enacted were "defined by the law of nations and recognized at common law." *Sosa v. Alvarez-Machain,* 542 U.S. 692, 712, 124 S.Ct. 2739, 2754, 159 L.Ed.2d 718 (2004). Offenses against the law of nations principally involved the rights or interests of whole states or nations, and did not necessarily involve the private interests of individuals seeking relief in court. *Id.* at 720, 124 S.Ct. at 2759. As this Court has previously noted, the law of nations are "[t]he standards by which nations regulate their dealings with one another." *Cohen v. Hartman,* 634 F.2d 318, 319 (5th Cir. Unit B Jan.1981) ("[T]he general consensus is that the law [of nations] deals primarily with the relationship among nations rather than among individuals." (internal quotation marks omitted)); *accord In re Estate of Ferdinand E. Marcos Human Rights Litig.,* 978 F.2d 493, 501-02 (9th Cir.1992) ("Only individuals who have acted under official authority or under color of such authority may violate international law....").

*Sinaltrainal v. Coca-Cola Co*.,– F.3d – , – , No. 06-15851, 2009 WL 2431463, at *5 (11th Cir. Aug. 11, 2009) (footnote omitted).

Plaintiffs have not demonstrated that they are aliens or that the State of Michigan has violated international law, that is, the standard by which nations regulate their dealings with one another. Plaintiffs are asserting the private interests of individuals,

not the rights or interests of entire nations. Consequently, they have no right to relief under the Alien Tort Claims Act.

## IV. CONCLUSION

Plaintiffs' claims are frivolous, fail to state a claim, and seek money damages from an entity which is immune from such relief. Accordingly,

IT IS ORDERED that the complaint [Dkt. # 1] is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Under *Heck*, the challenge to their convictions is dismissed without prejudice. *Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir. 1999). The UCC claim and the claims under the Alien Tort Claim Act and the All Writs Act are dismissed with prejudice.

IT IS FURTHER ORDERED that the motions for a temporary restraining order, preliminary injunction, and service of the complaint [Dkt. ## 4 & 5] are DENIED AS MOOT.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: August 31, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 31, 2009, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522